UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**Civil Action Number:**

MARTIN TACHER

    Plaintiff,

vs.

H & F PROPERTY INVESTMENTS CORP
d/b/a Bonny & Read's Toucan Hideout, and
500 SURF ROAD, LLC

    Defendants.

## COMPLAINT

Plaintiff, Martin Tacher, by and through his undersigned counsel, hereby sues Defendant H&F Property Investments Corp and Defendant 500 Surf Road, LLC for injunctive relief pursuant to Title III, 42 U.S.C. §§12181-12189 of the AMERICANS WITH DISABILITIES ACT ("ADA"), 28 C.F.R. Part 36 and pursuant to Title II, 42 U.S.C. §12134(c) and §12204 of the ADA and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189 and pursuant to Title II of the ADA 42 U.S.C. §12134(c) and §12204. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida.

3. The remedies provided by Florida Statute §760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

4. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located within the jurisdiction of this Court.

## PARTIES

**a).  The Plaintiff**

5. Martin Tacher (hereinafter referred to as "Plaintiff") is a resident of the state of Florida. The Plaintiff suffers from multiple sclerosis and uses an electric scooter for mobility, thus suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

**b).  500 Surf Road, LLC**

6. Defendant 500 Surf Road, LLC (also referenced throughout as "Lessor." or "Owner") is a Florida corporation and is authorized to conduct, and is conducting business within the State of Florida.

7. Defendant 500 Surf Road, LLC is the owner of real property located at 500 N Surf Road, Hollywood, Florida 33019, which contains restaurant space. Defendant 500 Surf Road, LLC leases the restaurant space to co-Defendant H&F Property Investments Corp (the "Lessee").  Therein, the Lessee operates a restaurant known as Bonny & Read's Toucan Hideout (which is also referenced throughout as "restaurant" or "Subject Facility").

8. The Subject Facility is a full service restaurant which is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B).

**c).   H&F Property Investments Corp**

9. Defendant H&F Property Investments Corp (also referenced throughout as "Tenant," "Lessee" or "operator") is a tenant of the real property owned by co-Defendant 500 Surf Road, LLC, which is the subject of this action. Defendant H&F Property Investments Corp is a Florida corporation which is doing business as a restaurant called Bonny & Read's Toucan Hideout. The restaurant is also referenced as "restaurant" or "Subject Facility."

## FACTS

10. On June 6, 2015, the Plaintiff personally visited Bonny & Read's Toucan Hideout with the intention of purchasing a meal and to eat his meal in the dining area therein. The Plaintiff was denied full and equal access to the restaurant because the entrance was not readily accessible to the Plaintiff due to the fact that the ramp leading to the restaurant was blocked by tables and chairs and therefore inaccessible. This fact combined with the fact that the main entrance contained steps, precluded the Plaintiff's ability to maneuver his electric scooter into the restaurant.

11. As such, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Bonny & Read's Toucan Hideout restaurant.

12. As a result of the Defendant's discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries; see, Exhibit "A" for verification.

13. Any and all requisite notice has been provided.

14. The Plaintiff has been obligated to retain the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

15. Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-14 herein above.

16. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

17. Congress found, among other things, that:

   (i) some 43,000,000[1] Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

---

[1] According to the 2010 Census, 56.7 million people, or 19% of the population had a disability.

    (iv)    Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

    42 U.S.C. §12101(a)(1)-(3), (5) and (9).

18.    Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

    42 U.S.C. §12101(b)(1)(2) and (4).

19.    Defendant 500 Surf Road, LLC is subject to the provisions of 42 U.S.C. §12181(7)(B) and (E) and 28 C.F.R. §36.104 because it is the owner and lessor of real property which contains restaurant space in which the attendant business is open to the general public and is a place of public accommodation. As such, the building and the

attendant business (restaurant) are jointly and singularly governed by the ADA, must be in compliance therewith.

20. The Defendant 500 Surf Road, LLC (owner/landlord of the Subject Facility) and the attendant business tenant/lessee (co-Defendant H&F Property Investments Corp), the operator of the full service restaurant named Bonny & Read's Toucan Hideout, have discriminated against disabled patrons (in derogation of 28 C.F.R. Part 36).

21. The Defendant 500 Surf Road, LLC (owner/landlord of the Subject Facility) and the attendant business tenant/lessee (co-Defendant H&F Property Investments Corp), the operator of the full service restaurant named Bonny & Read's Toucan Hideout, have discriminated, and continue to discriminate, against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq. by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the restaurant.

23. Prior to the filing of this lawsuit, the Plaintiff personally visited Defendant 500 Surf Road, LLC's building and the place of public accommodation therein specifically the restaurant owned and operated by its tenant, H&F Property Investments Corp (co-Defendant), with the intention of patronizing that place of public

accommodation.  But (as an individual with a disability who utilizes an electric scooter for mobility), the Plaintiff has been denied adequate accommodation by virtue of being unable to navigate his electric scooter within the Subject Facility and therefore suffered an injury in fact.

24.     The Plaintiff continues to desire to patronize Bonny & Read's Toucan Hideout, but continues to be injured in that he continues to be discriminated against due to the architectural barriers which remain at the Subject Facility, in violation of the ADA.

25.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26.     The Subject Facility which is owned by Defendant  500 Surf Road, LLC (owner/lessor of the Subject Facility) constitutes a building which houses a restaurant known as Bonny & Read's Toucan Hideout (which business is owned and operated by the tenant/lessee H&F Property Investments Corp (co-Defendant)) are in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and are discriminating against the Plaintiff as a result of inter alia, the following specific violations:

i.   As to the building owned by Defendant  500 Surf Road, LLC and the Lessee/operator of the restaurant therein (Tenant/Defendant H&F Property Investments Corp), failure to provide an accessible entrance. The steps at the main entereance and the blocked ramp at the side entrance represent insurmountable

7

       barriers to independent entry to the restaurant by the Plaintiff and other individuals who use wheelchairs or electronic scooters. Due to the provision of the step at the restaurant entrance location and the failure of the Defendants (jointly and severally) to maintain the side entrance ramp[2] with appropriate signage, and/or otherwise provide an accessible and properly designated entrance, the parties are jointly and severally in violation of 28 C.F.R. Part 36. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

  ii.  As to the building owned by 500 Surf Road, LLC and the Lessee/operator of the restaurant, Tenant/Defendant H&F Property Investments Corp (the lessee and operator of the full service restaurant), the entrance of the Subject Facility does not have updated and appropriate signage displaying the international symbol for accessibility, in violation of 28 C.F.R. Part 36 and ADA Code §216.6.

  iii.  As to the building owned by Defendant 500 Surf Road, LLC and the Lessee/operator of the restaurant, Tenant/Defendant H&F Property Investments Corp (the lessee and operator of the full service restaurant), contained within the inside eating area there is a bar with a seating counter, wherein the counter surface is over 34" above the finished floor to the top, thus is not accessible, in violation of 28 C.F.R. Part 36, Section 4.32.4.

  iv.  As to the accessible toilet compartment (stall) in the men's restrooms by the Southwest concession stand, the accessible toilet compartment stall has no rear wall grab bar, which is in violation of 28 C.F.R. Part 36, Sections 213.3.1 and

---

[2] Side entrance ramp was blocked by tables and chairs

   213.3.2 of the 2010 ADA Standards For Accessible Design. This is in violation of ADA Code §604.5.2.

v. As to the building owned by Defendant 500 Surf Road, LLC and the Lessee/operator of the restaurant, Tenant/Defendant H&F Property Investments Corp (the lessee and operator of the full service restaurant), the men's restroom lavatory sink has unwrapped bottom sink pipes, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code Section §606.5.

  27. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants (and each of them) are required to make the restaurant, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the property owner/lessor Defendant 500 Surf Road, LLC and the tenant/lessee/operator of the restaurant Defendant H&F Property Investments Corp, have jointly and severally failed to comply with this mandate.

  28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the strip mall comprising the four establishments therein to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the restaurant as delineated herein until the requisite modifications are completed.

  **WHEREFORE,** Plaintiff Martin Tacher hereby demands judgment against the property owner/lessor Defendant 500 Surf Road, LLC and the tenant/lessee/operator of the restaurant Defendant H&F Property Investments Corp and requests the following injunctive and declaratory relief:

a) The Court declares that the property owner/lessor Defendant 500 Surf Road, LLC and the tenant/lessee/operator of the restaurant Defendant H&F Property Investments Corp are violative of the ADA and order the building and the attendant business (restaurant) therein to be closed to the public until such time that they are deemed by this Court to be accessible;

b) The Court enter an Order requiring the property owner/lessor Defendant 500 Surf Road, LLC and the tenant/lessee/operator of the restaurant Defendant H&F Property Investments Corp to alter the building and the attendant business (restaurant) therein such that they are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing the property owner/lessor Defendant 500 Surf Road, LLC and the tenant/lessee/operator of the restaurant Defendant H&F Property Investments Corp to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the parties (jointly and severally) to undertake and complete corrective procedures to the building and the attendant business (restaurant) therein;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

  e)  The Court awards such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF FLORIDA STATUTE §760

29. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1-14 herein above.

30. The Defendant 500 Surf Road, LLC (as owner/lessor) and tenant/lessee/operator: Defendant H&F Property Investments Corp (Bonny & Read's Toucan Hideout restaurant) have violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

31. The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff Martin Tacher respectfully prays that this Court grant the following relief against Defendant 500 Surf Road, LLC (as owner/lessor) and tenant/lessee Defendant H&F Property Investments Corp (owner/operator of Bonny & Read's Toucan Hideout restaurant), including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

  a)  A declaration that the policies and procedures of Defendant 500 Surf Road, LLC[3] (as owner/lessor) and tenant/lessee Defendant H&F Property Investments Corp (owner/operator of Bonny & Read's Toucan Hideout restaurant) have jointly and separately violated Florida Statue §760 in that the

---

[3] Owner/lessor of real property comprising the tenant who is a co-Defendant

Defendants (and each of them) have failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law.

b) An Order mandating that the Defendants (and each of them with respect to their places of public accommodation) undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c) An Order mandating that Defendants (and each of them with respect to their public accommodation) expeditiously make all reasonable and appropriate modifications to the strip mall comprising the three places of public accommodation to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d) Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e) Award reasonable costs and attorneys fees; and

f) Award any and all other relief that may be necessary and appropriate.

Dated this 11th day of September, 2015.

                                Respectfully submitted,

                                *s/Scott Dinin*
                                Scott R. Dinin, Esq.
                                Scott R. Dinin, P.A.
                                4200 NW 7th Avenue
                                Miami, Florida 33127
                                Tel: (786) 431-1333
                                Fax: (786) 513-7700
                                inbox@dininlaw.com
                                *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action Number:

MARTIN TACHER

    Plaintiff,

vs.

H & F PROPERTY INVESTMENTS CORP
d/b/a Bonny & Read's Toucan Hideout, and
500 SURF ROAD, LLC

    Defendant.

## VERIFICATION OF COMPLAINT

Plaintiff Martin Tacher declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 9/14/15

Martin Tacher

EXHIBIT "A"